IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EDDIE LEE ROBINSON**                                                                                          **PLAINTIFF**

v.                                                      5:08CV00241-WRW

**ARKANSAS CONVALESCENT CENTER**                                                       **DEFENDANT**

### ORDER

Pending is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) Of The Federal Rules of Civil Procedure (Doc. No. 18). For the reasons set out below, Defendant's Motion is GRANTED.

On September 18, 2008, Plaintiff's Motion to Appoint Counsel[1] was denied, and Plaintiff was directed to refile his Motion and "accompany it with a report of his efforts to obtain representation in this matter with at least three (3) different attorneys" if Plaintiff wanted the Court to reconsider.[2] To date, Plaintiff has not refiled his Motion.

On November 24, 2008, Defendant filed a Motion to Dismiss.[3] Plaintiff's *pro se* Response[4] to Defendant's Motion did not address any of Defendant's arguments as to why this case should be dismissed; rather, Plaintiff wrote that he hoped to get an attorney and noted that he had "put in for a court appointed attorney."[5] Plaintiff has not, however, refiled his Motion to Appoint Counsel.

---

[1] Doc. No. 7.

[2] Doc. No. 8.

[3] Doc. No. 18.

[4] Doc. No. 22.

[5] *Id.*

1

This is Defendant's second Motion to Dismiss.[6] Defendant's first Motion was denied without prejudice, and the Court directed Plaintiff to file an amended complaint that described Plaintiff's allegations of age discrimination.[7] Plaintiff filed an Amended Complaint on November 10, 2008.[8]

Defendant's Motion points out that Plaintiff's Amended Complaint does not set out Plaintiff's age at the time of his termination;[9] the age of Plaintiff's replacement; "or any facts to indicate his age played any part in [Defendant's] decision to terminate him."[10] I agree. Plaintiff's Amended Complaint reads, in relevant part: "It has been said to me and other employees, also residents that I was old and crazy, and they was going to find a way to get rid of me."[11] Plaintiff does not give other details about the alleged discrimination. Plaintiff's Amended Complaint then provides that Plaintiff's employment was terminated for alleged theft of property.[12]

Because Plaintiff's Amended Complaint does not allege facts necessary to state a claim under the Age Discrimination in Employment Act,[13] Defendant's Motion is GRANTED and this case is DISMISSED.

IT IS SO ORDERED this 23rd day of December, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6]Doc. No. 11.

[7]Doc. No. 15.

[8]Doc. No. 17.

[9]While Plaintiff's Amended Complaint does not state Plaintiff's age, the EEOC Charge filed by Plaintiff, and attached to the Amended Complaint, indicates Plaintiff's date of birth as 04-06-1957.

[10]Doc. No. 19.

[11]Doc. No. 17.

[12]*Id.*

[13]Plaintiff's EEOC Charge also alleged sex discrimination, but Plaintiff's Amended Complaint does not explain the alleged sex discrimination. Doc. No. 17.